Filed 2/7/22  P. v. Elshire CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>LAURA JOYCE ELSHIRE,<br><br>    Defendant and Appellant. | D077968<br><br><br>(Super. Ct. No. SCD248774) |

APPEAL from an order of the Superior Court of San Diego County, Eugenia A. Eyherabide, Judge.  Reversed and remanded for further proceedings.

Christopher A. Nalls, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Robin H. Urbanski and Brendon W. Marshall, Deputy Attorneys General, for Plaintiff and Respondent.

# I.
# INTRODUCTION

Defendant Laura Elshire appeals the trial court's denial of her motion for recall of sentence and resentencing that she filed after the Secretary of the California Department of Corrections and Rehabilitation sent a letter to the court recommending that Elshire's sentence be recalled and that she be resentenced.  (See former Pen. Code,[1] § 1170, subd. (d)(1).)

In her opening brief on appeal, Elshire contended that the trial court failed to properly exercise its discretion when it denied her request to recall her sentence and that due process required that the court provide her an opportunity to be heard on that request.  After briefing on appeal was completed, the Legislature passed, and the Governor signed into law, Assembly Bill Number 1540, which significantly alters the recall and resentencing provisions formerly set forth in section 1170, subdivision (d).  The new provisions, which became effective January 1, 2022, weigh heavily in favor of recalling and resentencing defendants.  (See Stats. 2021, ch. 719, §§ 1–7.)

After the Governor signed Assembly Bill Number 1540, Elshire filed a supplemental brief requesting reversal and remand in light of the new legislation.  The People responded, agreeing that the best course of action in light of the recent changes in the law would be for this court to reverse the trial court's order and remand the matter to the trial court to allow that court to reconsider Elshire's motion for recall and resentencing, applying the new recall and resentencing provisions.  We agree with the parties that reversal and remand is appropriate.

---

[1]    Further statutory references are to the Penal Code unless otherwise indicated.

## II.

## BACKGROUND

Elshire was charged with robbery (§ 211) based on her participation, with two other individuals, in the robbery of a Wells Fargo Bank in La Jolla.[2] Elshire was also charged with possession of a deadly weapon while in a penal institution (§ 4502, subd. (a)) after a Ziploc bag containing two razor blades was found on her person while she was in custody at the Las Colinas Detention Facility.[3]

Elshire pled guilty to both counts and admitted all prior allegations.

At sentencing, the trial court struck one of the strike priors and found that both of the prior serious felony convictions stemmed from the same conduct, such that only a single five-year enhancement was appropriate. The court sentenced Elshire to a determinate term of 19 years in prison, comprised of a term of 10 years for the robbery conviction, a consecutive 2 years for the weapon possession conviction, a consecutive 5 years for one of the prior serious felony allegations, and a consecutive 2 years for the two prison prior allegations.

On September 12, 2019, the Secretary of the California Department of Corrections and Rehabilitation (CDCR) sent a letter to Judge Leo Valentine, Jr., stating that the "purpose" of the letter was "to provide the court with authority to resentence . . . Elshire pursuant to Penal Code section 1170, subdivision (d)." The Secretary's letter stated:

---

[2]    Because the underlying facts of Elshire's case are not relevant to this appeal, we provide only a brief summary.

[3]    The amended complaint also alleged that Elshire had two prison priors (§ 667.5, subd. (b)), two serious felony priors (§ 667, subd. (a)), and two strike priors (§§ 667, subds. (b)–(i), 1170.12).

3

> "In light of the court's newfound authority to not impose a consecutive enhancement pursuant to section 667, subdivision (a)(1) (authority which did not exist at the time of Elshire's sentencing) I recommend that inmate Elshire's sentence be recalled and that she be resentenced in accordance with section 1170, subdivision (d)."

The letter was accompanied by documentation, which included Elshire's programming history and a Rules Violation Report showing only two minor rule violations during her time in custody.

On October 1, 2019, Judge Michael T. Smyth filed a letter in Elshire's case stating, "The Court has read, reviewed and considered correspondence from the Department of Corrections and Rehabilitation. The Court will not take any action on this matter."

On June 26, 2020, Elshire filed a formal motion, seeking recall of her sentence and resentencing under section 1170, subdivision (d)(1); specifically, Elshire requested that the court strike the 5-year enhancement under section 667, subdivision (a)(1), and the two enhancements under former section 667.5, subdivision (b). Elshire argued that she had demonstrated a "diminished risk for future violence" through her "minimal disciplinary record, record of rehabilitation during her term of imprisonment, and amount of time already served." The trial court denied Elshire's motion that same day.

On October 13, 2020, Elshire filed a notice of appeal.[4] In briefing on appeal, Elshire argued that the trial court abused its discretion by refusing to recall Elshire's sentence despite the Secretary's recommendation.

While Elshire's appeal from the trial court's denial of her motion was pending, and after full briefing was completed, the Governor signed Assembly

---

[4]    On October 9, we granted Elshire's application to file a late notice of appeal.

Bill Number 1540, effective January 1, 2022, which substantially alters the recall and resentencing process and moves the resentencing and recall provisions of section 1170, subdivision (d)(1) to new section 1170.03 (Stats. 2021, ch. 719, §§ 1–7).

Elshire sought leave to file a supplemental brief addressing these changes to the recall and resentencing process, arguing that because her appeal would not be final when these new provisions became effective, the new provisions should apply to her request for recall and resentencing. We granted Elshire's request and permitted the People to file a supplemental response, which they have done.

## III.

## DISCUSSION

The parties both concede that Assembly Bill Number 1540 substantially alters the recall and resentencing process. The statute in effect at the time Elshire filed her motion and the trial court's ruling provided as follows:

> "When a defendant subject to this section or subdivision (b) of Section 1168 has been sentenced to be imprisoned in the state prison or a county jail pursuant to subdivision (h) and has been committed to the custody of the secretary or the county correctional administrator, the court may, within 120 days of the date of commitment on its own motion, or at any time upon the recommendation of the secretary or the Board of Parole Hearings in the case of state prison inmates, the county correctional administrator in the case of county jail inmates, or the district attorney of the county in which the defendant was sentenced, recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence. The court resentencing under this subdivision shall apply the sentencing rules of the Judicial Council so as to eliminate disparity of

5

sentences and to promote uniformity of sentencing. The court resentencing under this paragraph may reduce a defendant's term of imprisonment and modify the judgment, including a judgment entered after a plea agreement, if it is in the interest of justice. The court may consider postconviction factors, including, but not limited to, the inmate's disciplinary record and record of rehabilitation while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the inmate's risk for future violence, and evidence that reflects that circumstances have changed since the inmate's original sentencing so that the inmate's continued incarceration is no longer in the interest of justice. Credit shall be given for time served." (Former § 1170, subd. (d)(1).)

As of January 1, 2022, however, the recall and resentencing provisions that were previously in section 1170, subdivision (d)(1) were significantly revised and moved to a new section, section 1170.03. (See Stats. 2021, ch. 719, §§ 1–7.) Under the new provisions, a court must "apply any changes in law that reduce sentences or provide for judicial discretion" when resentencing under the recall statute. (§ 1170.03, subd. (a)(2).) The revised statutory provisions also *require* that a court hold a hearing if it intends to deny resentencing or reject a stipulation by the parties, and the court must state its reasons on the record for granting or denying recall. (*Id.*, subd. (a)(6), (8).) Further, where, as here, the Secretary of CDCR has recommended recall of the defendant's sentence and resentencing, the new provisions require notice to the defendant and the appointment of counsel, and further require that the trial court apply a presumption *in favor of recall* that can be overcome only by a finding that the inmate poses an unreasonable risk to public safety. (*Id.*, subd. (b)(2).)

Assembly Bill Number 1540 substantially altered the recall and resentencing process. The People concede that, for reasons of judicial

6

efficiency, remanding the matter to the trial court to permit that court to reconsider Elshire's request for recall and resentencing under the provisions of the amended statute would be the most prudent course of action. As noted, the Secretary of CDCR has already made a recommendation for recall of Elshire's sentence in this case; in addition, this appeal will not be decided before the amended statute becomes effective, and even if this matter were to become final, the Secretary could, and likely would, initiate a new recommendation for recall and resentencing under the amended version of the statute. We agree that remand is appropriate under these circumstances. We therefore reverse the trial court's order and remand the matter to the trial court to permit the court to reconsider Elshire's request for recall of her sentence and resentencing under the new recall and resentencing provisions provided for in section 1170.03.

## IV.

## DISPOSITION

The trial court's order denying Elshire's motion for recall and resentencing under prior section 1170, subdivision (d)(1) is reversed. The matter is remanded for the court to reconsider Elshire's motion for recall and resentencing pursuant to the provisions of section 1170.03.

AARON, J.

WE CONCUR:

HALLER, Acting P. J.

DATO, J.

7